UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -

United States District Court
Southern District of Texas
FILED

DEC 04 2008

Michael N. Milby, Clerk of Court

| DORA HERNANDEZ | § | |
| --- | --- | --- |
| *Plaintiff* | § | |
| | § | |
| | § | |
| vs. | § | CASE NO. CV-08-498 |
| | § | (JURY DEMAND) |
| KEPPEL AMFELS | § | |
| | § | |
| *Defendant* | § | |

PLAINTIFF DORA HERNANDEZ'S ORIGINAL
COMPLAINT & DEMAND FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES DORA HERNANDEZ, and files this her Original Complaint, complaining of KEPPEL AMFELS, hereinafter called "DEFENDANT", and for would respectfully show the Court and jury the following:

## I. INTRODUCTION

**1.01** Plaintiff, Dora Hernandez, a Mexican-American female, seeks redress for unlawful discrimination on account of her gender and age, which she suffered in her capacity as an employee of KEPPEL AMFELS. Specifically, Dora Hernandez was required to work in a place where bias and prejudice against females over the age forty existed on the part of her superiors.

## II. JURISDICTION

**2.01** This suit is brought and jurisdiction lies pursuant to section 706 of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §§ 2000e-5.

## III. CONDITIONS PRECEDENT

**3.01** All conditions precedent to jurisdiction under Title VII, 42 U.S.C. § 2000 e-5(f)(3) have occurred or been complied with, to wit: (a) A charge of employment discrimination was filed with the EEOC within 180 days of the commission of the unlawful employment practice; a Notification of Right to Sue was issued by the EEOC on September 9th, 2008 (**See Exhibit A**); this Complaint has been filed within 90 days of receipt of the Right to Sue.

## IV. PARTIES

**4.01** Plaintiff, Dora Hernandez, is a resident of Brownsville, Cameron County, Texas.

**4.02** Defendant, KEPPEL AMFELS, is a corporation and is authorized to do business in and is doing business in the State of Texas. Defendant, KEPPEL AMFELS, is an employer engaged in an industry that affects commerce and employs more than fifteen (15) employees. KEPPEL AMFELS is a corporation and is a "person" within the meaning of Secion 701(a) of Title VII, 42 U.S.C. § 2000e-a. Defendant, KEPPEL AMFELS, can be served with process by serving its registered agent below:

> Mr. Geok Seng Tan
> 20,000 South Highway 48
> Brownsville, Texas 78523

## V. FACTUAL ALLEGATIONS

**5.01** Dora Hernandez's employment with KEPPEL AMFELS[1] started on or about August 1st, 1995. She was assigned the job of expediter, earning close to $9.00 an hour. Approximately a year later, Dora Hernandez was given greater responsibilities as a Buyer of Consumables. Her salary, however, remained the same. Eventually, Ms. Hernandez attained the salaried position of Buyer for KEPPEL AMFELS's Piping Department. The exact amount is not presently known, but based on information and belief, Dora Hernandez

---

[1] At the time, the company was called Amfels.

was earning approximately $2,100 per month after taxes. She was the sole female buyer working for Defendant at its Brownsville, Texas, facility.

5.02   Starting in October 2006, Mr. Andrew Mok, a KEPPEL AMFELS supervisor, targeted Dora Hernandez. In addition to excessive monitoring of Ms. Hernandez (so as to justify firing her), Andrew Mok criticized Dora Hernandez's work performance. Through Mok, KEPPEL AMFLES discriminated and retaliated against Ms. Hernandez, a female over the age of 40, with respect to the conditions, privileges, advantages and benefits of employment with Defendant. Based on information and belief, no male employees under at or below age 40 were subjected to the above discrimination or retaliation.

5.03   KEPPEL AMFELS, by and through Andrew Mok, preferred younger, male employees. In fact, male employees under 40 with less experience and fewer responsibilities/duties earned more than Dora Hernandez in October 2006.

5.04   On February 8, 2007, KEPPEL AMFELS, through its agents Andrew Mok and Gilbert Elizondo, constructively discharged Plaintiff, Dora Hernandez. Mok and Elizondo advised Ms. Hernandez that they did not want her to continue as a Buyer in the Piping Department, and that the only other job available to her was that of FTZ clerk. The FTZ clerk position would pay $9.50 - $9.80 an hour. The responsibilities and pay for a FTZ clerk were comparable to the expediter position Ms. Dora Hernandez held in 1995 when she was first hired by the Defendant. Mok and Elizondo gave Ms. Hernandez under 24 hours to accept their position.

5.05   As a direct and proximate result of KEPPEL AMFELS' repeated discrimination and retaliation, Dora Hernandez suffered severe emotional distress and developed physical ailments that required medical attention for several months. After receiving clearance from her physician to return to work, on May 29, 2007, Dora Hernandez resigned from KEPPEL AMFELS, rejecting the FTZ Clerk position.

## VI. CLAIMS FOR RELIEF

(Sex Discrimination)

**6.01** Plaintiff incorporates by reference paragraphs 5.01 - 5.05.

**6.02** Defendant violated section Title VII, 42 U.S.C. § 2000e-2(a) by constructively discharging Dora Hernandez and otherwise discriminating against her with respect to the terms, conditions, and privileges of her employment because of her sex, by limiting her in ways that deprived her of employment opportunities because of her sex and by engaging in employment practices that resulted in discrimination against Dora Hernandez and other female employees generally.

(Age Discrimination)

**6.03** Plaintiff incorporates by reference paragraphs 5.01 - 5.05.

**6.04** Defendant violated the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §621 et seq. by constructively discharging Dora Hernandez and otherwise discriminating against her with respect to the terms, conditions, and privileges of her employment because of her age, by limiting her in ways that deprived her of employment opportunities because of her age and by engaging in employment practices that resulted in discrimination against Dora Hernandez and other employees generally.

(Retaliation)

**6.05** Plaintiff incorporates by reference paragraphs 5.01-5.05.

**6.06** Defendant violated the retaliation provision of § 704(a) of the Civil Rights Act of 1964 by retaliating against Dora Hernandez, who opposed Defendant's discriminatory practices and otherwise discriminating against her with respect to the terms, conditions, and privileges of her employment because of her opposition to Defendant's discriminatory

practices. Defendant limited Dora Hernandez in ways that deprived her of employment opportunities.

## Section 7
## Jury Demand

7.01   Plaintiff demands a jury trial pursuant to Federal Rules of Civil Procedure.

## Section 8

## Damages

8.01   As a result of acts and/or omissions as set forth above, **PLAINTIFF, DORA HERNANDEZ,** has sustained the following damages, including but not limited to:

(a)   Compensatory Damages, including but not limited to:

    1.   Back Pay;

    2.   Physical Injuries;

    3.   Emotional Pain and Suffering;

    4.   Inconvenience;

    5.   Mental Anguish;

    6.   Loss of Enjoyment of Life;

    7.   Injury to Professional Standing;

    8.   Injury to Character and Reputation;

    9.   Job Search Expenses;

    10.   Lost Earning Capacity in Past and Future;

    11.   Damages for Medical Care Associated with foregoing injuries;

    12.   Other pecuniary losses;

    13.   Non-Pecuniary losses;

    14.   Future Wages or Front Pay;

(b)   Interest on Front Pay;

(c)   Interest on Back Pay;

(d) Liquidated Damages under ADEA;

(e) Employment Benefits in the Past and Future;

(f) All Lost Benefits Under the employment relationship;

(g) Pre-judgment interest;

(h) Post-judgment interest;

(i) Cost of court/suit;

(j) Reasonable expert fees;

(g) Reasonable attorney's fees arising from representation in this matter, including trial preparation, trial, post-trial, pre-appeal work, appellate work (Fifth Circuit and U.S. Supreme Court), post-judgment discovery and collection on the judgment if necessary ; and

**8.02** Defendant has acted with malice or reckless indifference to Plaintiff's rights. Defendant, by engaging in the aforementioned acts and/or in authorizing and/or ratifying the aforementioned acts, engaged in willful, malicious, intentional, and oppressive conduct and acted with willful and conscious disregard, or alternatively reckless disregard or indifference of the rights, welfare, and safety of Plaintiff, therefore justifying the award of punitive and exemplary damages in an amount to be determined at trial. Therefore, Plaintiff additionally brings suit for punitive damages and exemplary damages.

**8.03** Any such other relief to which Plaintiff may be justly entitled.

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFF DORA HERNANDEZ** prays that **DEFENDANT KEPPEL AMFELS** be cited to appear and answer in this cause, and that upon final trial hereof, **PLAINTIFF DORA HERNANDEZ** recovers judgment against **DEFENDANT KEPPEL AMFELS** for his actual damages in amounts within the jurisdictional limits of this Court, for all damages respectively sustained by him as set forth above together with pre-judgment interest thereon at the maximum legal or equitable rate;

for post-judgment interest on the amount of the judgment at the maximum rate allowed by law; for recovery of costs of court; and for such other and further relief, at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

**RUIZ LAW FIRM, P.L.L.C.**
200 East Cano
Edinburg, TX 78539
Telephone:  (956) 259-8200
Telecopier:  (956) 259-8203

BY:  _____/s/_____
Mauro F. Ruiz
Federal I.D. No. 23774
State Bar No. 24007960

**ATTORNEYS FOR PLAINTIFF**